**In re Kelly WALTERS, Debtor.**

**Bankruptcy No. 96–31023.**

United States Bankruptcy Court, S.D. Illinois.

Dec. 4, 1996.

James S. Cole, St. Louis, MO, for GMAC.

William Mueller, Belleville, IL, for Debtor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Debtor filed a chapter 13 bankruptcy petition on April 26, 1996. General Motors Acceptance Corporation (GMAC), the only secured creditor in this case, filed a claim for $10,723.69. The collateral securing GMAC's debt is a 1995 Chevrolet Cavalier. Debtor's five-year plan provides that GMAC will retain its lien and will be paid the value of its collateral plus nine percent interest. The parties appear to agree that the value of the car is $10,600.00.

GMAC objects to confirmation of debtor's plan on the basis that the plan fails to provide adequate protection payments to GMAC during the first ten months of the plan. According to the figures submitted by GMAC and the chapter 13 trustee, debtor's monthly plan payment is $275.00.[1] After payment of the trustee's fee, approximately $254.92 remains for distribution. During the first nine months of the plan, counsel for debtor will receive one-half of that amount ($127.96) and GMAC will receive the other half ($127.96). In the tenth month, debtor's attorney will receive a smaller payment, while a larger payment will be made to GMAC. By the eleventh month, the attorney's fees will be paid and GMAC will then receive the full monthly payment. GMAC estimates that the car will depreciate at a monthly rate of 1.01% and asserts that during the first ten months of the plan, it is entitled to an additional $107.69 per month to cover this depreciation. GMAC suggests that changing the split of the initial payments under the plan, so that it receives more than fifty percent, is one way of satisfying the "adequate protection test."

GMAC's contention that it is not adequately protected cannot form the basis of an objection to confirmation of a Chapter 13 plan. *In re Kessler,* 86 B.R. 134, 136 (Bankr.C.D.Ill.1988). Adequate protection is intended to protect a creditor during the period between the filing of the case and confirmation and is not intended to provide protection once a plan is confirmed. From that point on, the creditor receives payment under the plan. *Id. See also In re Kennedy,* 177 B.R. 967, 972 (Bankr.S.D.Ala.1995) (adequate protection prevents loss to secured creditors by requiring debtors to pay secured

---

1. Debtor's plan actually provides that the monthly payment is $260.00. However, the parties have agreed that this amount will be increased to $275.00.

creditors for depreciation of their collateral prior to confirmation).

 GMAC appears to argue, nonetheless, that a requirement of adequate protection is somehow "inherent" in 11 U.S.C. § 1325. The Court disagrees. Section 1325 sets forth certain requirements for confirmation and provides, in relevant part, as follows:

(a) Except as provided in subsection (b), the court shall confirm a plan if. . . .

(5) with respect to each allowed secured claim provided for by the plan. . . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim. . . .

11 U.S.C. § 1325(a)(5)(B).[2] To satisfy the requirements of this section, debtor's plan need only provide that GMAC retain its lien and that GMAC be paid interest "over and above the face amount of the allowed secured claim at whatever interest rate is equivalent to the discount rate selected by the court or agreed upon by the parties." 5 *Collier on Bankruptcy* ¶ 1325.06[2] at 1325–49 (15th ed. 1996).[3] There is no requirement that a chapter 13 plan provide protection to the holder of an allowed secured claim against whatever diminution in value may result to the property securing the allowed secured claim in which the lien is retained. *Id.* at 1325–46. *See also In re Dews*, 191 B.R. 86, 92 (Bankr. E.D.Va.1995) (creditor not entitled to payments for depreciation where, under the terms of the plan, creditor's allowed secured claim would be paid in full, with interest).

In the present case, debtor's plan provides that GMAC will retain its lien and will be paid nine percent interest on its claim. GMAC has failed to specify any other provision of § 1325 that has not been satisfied. While GMAC may arguably be entitled to adequate protection payments **prior to con-**firmation, that argument is more properly raised on a motion for relief from stay and not on an objection to confirmation. For these reasons, the Court finds that GMAC's objection to confirmation must be overruled.

---

**2.** The Court will not consider the other requirements for confirmation set forth in § 1325 since they are not relevant in this case.

**3.** Payment of interest is intended to satisfy the "present value" test of subsection 1325(a)(5)(B)(ii).