**In the Matter of Kenneth N. MOSES, Debtor.**

**No. 03–43182–PJS.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 5, 2003.

Joseph L. Grima, Joseph L. Grima & Associates, P.C., Grosse Pointe Farms, MI, for Debtor.

Krispen Carroll, Office of the Standing Chapter 13 Trustee, Detroit, MI, trustee.

## OPINION DENYING DAIMLER-CHRYSLER SERVICES NORTH AMERICA L.L.C.'S OBJECTIONS TO CONFIRMATION

PHILLIP J. SHEFFERLY,
Bankruptcy Judge.

### Introduction

The Debtor filed a chapter 13 petition on February 5, 2003. Secured creditor DaimlerChrysler filed an objection to confirmation based on its being denied adequate protection post-confirmation, due to a delay in receiving distributions under the plan. DaimlerChrysler asserts that this delay can easily be remedied by the Debtor's counsel receiving his attorney fees in installments. The Debtor counters that adequate protection is not applicable post-confirmation. Because the Debtor's plan proposes to pay the full amount of DaimlerChrysler's secured claim and provides that its lien will be retained, the Debtor maintains the provisions of § 1325 have been met. The Debtor also contends that the Bankruptcy Code allows for payment of the attorney's fees ahead of DaimlerChrysler's claim. Therefore, the Debtor concludes that his plan should be confirmed over the objections. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L),

over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). For the reasons set forth below, the Court holds that the plan is confirmable and that DaimlerChrysler's objections must be denied.

### Facts

The Debtor proposed a 48–month plan, with weekly payments of $105. The Debtor was 125% paid as of the confirmation hearing. The dividend to general unsecured creditors is expected to be 10%. The Debtor's plan follows the model plan of the local chapter 13 standing trustee. Class One claims consist of administrative expenses, and are to be paid first. They include the trustee's statutory fees and the Debtor's attorney's fees of $1,400. Class Two consists of the ongoing mortgage payment of $265, which is to be paid direct. There are no Class Three or Four claims. DaimlerChrysler's claim is a Class Five claim, and is secured by a 1999 Chrysler LHS. The plan provides for a "crammed down" value of $13,000, to be paid at 12 % interest over 36 months, at $432 monthly. The only other Class Five claim is a $115.47 secured claim of the Wayne County Treasurer. This claim is to be paid with interest, over 36 months, at $4 monthly.

According to the Debtor's calculations, as of the confirmation hearing, the trustee had $1,365 on hand for distributions. Subtracting the 4% statutory trustee fee, or $54.60, that would leave $1,130.40 left for creditors. This entire amount would go to pay the $1,400 claim for the Debtor's attorney fees, leaving a balance of $89.60 for that claim. As of the second month, the trustee would have $420 on hand. The net amount after subtracting the 4% trustee fee would be $403.20. The balance of $89.60 of Class One for attorney fees would be paid, leaving $313.60. Because there are no Class Two, Three or Four

claims being paid through the plan, this amount would be split pro rata between DaimlerChrysler and Wayne County. Given the small amount for the Wayne County claim, 99% would go to DaimlerChrysler and 1% to the County. Thus, according to the Debtor, DaimlerChrysler would begin to receive distributions in the second month. From then on, all distributions would be split among the trustee, DaimlerChrysler and Wayne County. DaimlerChrysler contended that there would be a delay of "at least a few months or more" before it will begin receiving distributions, but offered nothing to counter the Debtor's calculations. Therefore, the Court adopts those calculations, and finds that the delay in DaimlerChrysler's receiving payments will be one month.

### Discussion

DaimlerChrysler argued that *any* delay in distributions, no matter how short, deprives it of adequate protection for the Debtor's continued use of its depreciating collateral. According to DaimlerChrysler, this deficiency bars confirmation, but the defect could be easily cured by payment of the Debtor's attorney's fees over time instead of up front. There are several Bankruptcy Code sections that relate to DaimlerChrysler objections. A number of them were raised at the hearing on May 13, 2003, as well as in the memorandum of law subsequently filed by DaimlerChrysler. Because it is undisputed that DaimlerChrysler holds a secured claim, the starting point for reviewing DaimlerChrysler's objections is § 1325(a)(5) of the Bankruptcy Code. That Code section deals with the treatment of allowed secured claims under a chapter 13 plan. Subsections (A) and (C) of § 1325(a)(5) are not applicable to this case because DaimlerChrysler has not accepted the plan nor has the Debtor surrendered the property which secures DaimlerChrysler's secured claim. The applicable provision of § 1325(a)(5) to this

case is § 1325(a)(5)(B). That section of the Bankruptcy Code provides that:

the court shall confirm a plan if—. . .

(5) with respect to each allowed secured claim provided for by the plan—
. . .

(B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . . .

In this case, the Debtor's chapter 13 plan does provide that DaimlerChrysler shall retain the lien that secures DaimlerChrysler's claim and there are no disputes either as to the value of the vehicle or the interest rate being paid under the plan. In short, there is no genuine issue as to whether § 1325(a)(5)(B) is met in this case. Rather the issue is whether or not the Court should deny confirmation, despite the plan's compliance with § 1325(a)(5)(B).

At the May 13, 2003 hearing, DaimlerChrysler argued that notwithstanding compliance with § 1325(a)(5)(B), the Debtor's plan cannot be confirmed because it does not comply with § 1325(a)(1) of the Bankruptcy Code. That section of the Bankruptcy Code recites that

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title
. . . .

At the confirmation hearing, DaimlerChrysler argued that the Debtor's plan fails to comply with "the provisions of this chapter and with the other applicable provisions of this title" in two important re-

spects, either of which prevents confirmation in this case.

■ First, DaimlerChrysler contended that because the Debtor's plan provides for payment in full of the Debtor's attorney fees prior to payment to DaimlerChrysler, the plan violates § 1322(a)(2) of the Bankruptcy Code. That section of the Code reads as follows:

(a) The plan shall—. . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim . . . .

According to DaimlerChrysler, because the payment of the attorney fees of the Debtor are § 507 priority claims, they must be paid in deferred cash payments. DaimlerChrysler argues that even though the Debtor's counsel in this case has requested and the Debtor has agreed to have such fees paid in a lump sum, the Debtor is prohibited from making a lump sum payment and must instead defer payment of the attorney fees. The memorandum of law submitted by DaimlerChrysler does not cite any authority for this reading of § 1322(a)(2), nor is this Court aware of any such authority. In the one case cited by DaimlerChrysler that addressed this Code provision, the court expressly rejected DaimlerChrysler's reading of this language. In *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981), the creditor objecting to confirmation, Credithrift, asserted that § 1322(a)(2) mandated deferred payments to the attorney for the debtor. In rejecting this argument, the court reasoned as follows:

A chapter 13 plan must provide for payment of priority claims in full in "deferred cash payments." 11 U.S.C. § 1322(a)(2). Credithrift makes the argument that this means all priority claims must be paid in installments over the length of the plan. The argument is wrong. "Deferred cash payments" is terminology imported from Chapter 11. 11 U.S.C. § 1129(a)(9). In a chapter 11 case, certain priority claims must be paid in cash in full before the effective date of the plan, unless the claimant agrees to less favorable treatment. Other priority claims can be paid in deferred cash payments. That means that they can be paid after the effective date of the plan and in more than one payment. That is all "deferred" means. It does not mean that payment of priority claims must be deferred to the payment of any other claims.

*Id.* at 982 (footnotes omitted).

In this case, the Debtor's counsel agreed to a lump sum payment. There is nothing in § 1322(a)(2) that precludes such an agreement. Therefore, the Court rejects DaimlerChrysler's argument that the Debtor's plan somehow fails to comply with § 1322(a)(2).

■ The second argument advanced by DaimlerChrysler that the Debtor's plan somehow violates § 1325(a)(1) is that the Debtor's plan fails to provide DaimlerChrysler with adequate protection. DaimlerChrysler argued at the May 13, 2003 hearing and in its memorandum of law that notwithstanding the requirements of § 1325(a)(5)(B), a secured creditor must also receive adequate protection of its interest under the chapter 13 plan. Because DaimlerChrysler will not receive any distributions from the chapter 13 trustee until the second month after confirmation of the plan, and the vehicle in question may depreciate in the interim, DaimlerChrysler asserts that adequate protection is required under § 361 of the Bankruptcy Code. Although § 361 on its face does not recite whether it applies pre- or post-con-

firmation, it has generally been viewed by the case law and the commentators as a concept that applies pre-confirmation. Judge Lundin's treatise explains that "[t]ypically, adequate protection means the debtor is required to make preconfirmation payments to the trustee or the lien holder to protect the claim holder from depreciation of its collateral pending confirmation of a plan." 1 Keith M. Lundin, *Chapter 13 Bankruptcy,* § 48.1 at 48–3 (3d ed.2002) (footnote omitted).

There are, however, a number of reported decisions in which secured creditors have argued that adequate protection is a concept that applies to the treatment of a secured claim post-confirmation as well as pre-confirmation. That argument was explicitly rejected in *In re Walters,* 203 B.R. 122 (Bankr.C.D.Ill.1996), where there was also an objection to confirmation of a chapter 13 plan interposed by a secured creditor who had financed the debtor's vehicle. In that case, the plan calculations reflected that although its claim would be paid in full during the life of the plan at an acceptable rate of interest, GMAC, the objecting creditor, would not receive any payments from the chapter 13 trustee during the first ten months of the plan. *Id.* at 123. While the delay in receipt of payments from the chapter 13 trustee in that case was considerably longer than the anticipated one month delay in this case, the court in *Walters* still rejected the argument that confirmation should be denied because of a failure to provide adequate protection payments to GMAC. The court found that:

> GMAC's contention that it is not adequately protected cannot form the basis of an objection to confirmation of a Chapter 13 plan. Adequate protection is intended to protect a creditor during the period between the filing of the case and confirmation and is not intended to provide protection once a plan is con-

firmed. From that point on, the creditor receives payment under the plan. *Id.* at 123 (citations omitted).

Like the present case, the debtor's plan in *Walters* satisfied the requirements of § 1325(a)(5)(B) in its treatment of the secured creditor's claim. That was sufficient for the court to confirm the plan and to reject the notion that there should be some additional adequate protection for the secured creditor.

> GMAC appears to argue, nonetheless, that a requirement of adequate protection is somehow "inherent" in 11 U.S.C. § 1325. The Court disagrees.... To satisfy the requirements of this section, debtor's plan need only provide that GMAC retain its lien and that GMAC be paid interest "over and above the face amount of the allowed secured claim at whatever interest rate is equivalent to the discount rate selected by the court or agreed upon by the parties." There is no requirement that a chapter 13 plan provide protection to the holder of an allowed secured claim against whatever diminution in value may result to the property securing the allowed secured claim in which the lien is retained.

*Id.* at 124 (quoting 5 *Collier on Bankruptcy* ¶ 1325.06[2] at 1325–49 (15th ed.1996)) (footnote omitted).

Additional support for the Debtor's position is found in *In re Dews,* 191 B.R. 86 (Bankr.E.D.Va.1995). In that case, Chrysler objected to confirmation of a chapter 13 plan because there would be no distribution to Chrysler from the chapter 13 trustee for approximately eight months after confirmation. 191 B.R. at 88. Chrysler argued that its vehicle was depreciating over $200 per month and that it was not adequately protected during the delay. Although not rejecting the concept that adequate protection could apply post-confirmation, the court found that Chrysler

was adequately protected under this chapter 13 plan because its allowed secured claim would be paid in full with interest as required by § 1325(a)(5)(B). The court held there is no requirement under the Bankruptcy Code to provide adequate protection in addition to the treatment required under § 1325(a)(5)(B):

> The final question is whether or not the debtors should be required to make adequate protection payments to Chrysler in order to compensate it for depreciation on the vehicle while it is waiting for distributions under the plan. . . .
>
> Chrysler argues that the concept of adequate protection under 11 U.S.C. § 363(e) is inherent in 11 U.S.C. § 1325(a)(2)(B) [sic]. Assuming that to be true, without so deciding, Chrysler still overlooks the reasoning contained in the *Timbers* decision. 11 U.S.C. § 361 sets forth how adequate protection may be provided under § 363. The Supreme Court in *Timbers* stated that it reads the phrase "value of such entity's interest" in § 361(1) to mean the value of the collateral. Therefore, the payments for depreciation that Chrysler seeks would give it more than the value of its collateral. Furthermore, it should be pointed out that Chrysler is adequately protected under the terms of the proposed plan, because its allowed secured claim will be paid in full, with interest. The timing of the valuation also serves to protect Chrysler as it will get an amount equal to the value set as of the date of the filing of the Chapter 13 plan.

*Id.* at 92 (citing *United Savings Ass'n v. Timbers of Inwood Forest Associates,* 484 U.S. 365, 372, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)).

This Court agrees with the *Walters* and *Dews* decisions and their application to the case at bar. Here, the delay in payments by the chapter 13 Trustee to Daimler-

Chrysler is *one month.* In these circumstances, the Court is not persuaded that there exists any requirement for adequate protection of any kind to DaimlerChrysler in addition to the treatment required for DaimlerChrysler's secured claim under § 1325(a)(5)(B) of the Bankruptcy Code. The two principal decisions relied upon by DaimlerChrysler in its memorandum are *In re Johnson,* 63 B.R. 550 (Bankr.D.Colo. 1986) and *In re Cook,* 205 B.R. 437 (Bankr. N.D.Fla.1997). These cases are distinguishable on their facts and reasoning.

In *Johnson* the Debtor's chapter 13 plan provided for payment of administrative and priority claims totaling in excess of $8,700. 63 B.R. at 551. As a consequence, the debtor's plan would not result in any payments to the bank, which held a lien upon the Debtor's vehicle, for three and one-half years after confirmation of the plan. *Id.* The court ultimately concluded that the creditor's objections should be upheld and the plan should not be confirmed. This Court does not disagree with that result. However, that case is easily distinguishable from the case at bar: in this case the delay in distributions to the secured creditor is one month, while in *Johnson,* it was three and one-half years! For some reason, the bank in *Johnson* did not argue that § 1325(a)(5)(B) was violated by the debtor's plan, although it is difficult to understand how any findings of the "value" of the stream payments to the secured creditor could be made by the Bankruptcy Court where the first payment to such creditor does not start for three and one-half years.

Perhaps because the bank in *Johnson* conceded the § 1325(a)(5)(B) objection, but recognizing nonetheless that a three and one-half year delay in distributions simply cannot possibly be confirmable, the court eventually concluded that confirmation in that case should be denied because the

plan did not provide the "indubitable equivalent" to the secured creditor. In reaching that conclusion, the court embarked on a discussion of what it labeled as the "quantitative and qualitative aspects" of claims. The court described the "quantitative" aspect as the dollar amount. The "qualitative" aspect "speaks to the relative degree of assurance that the debt will be paid ... It is a property right protected by the Fifth Amendment ..." *Id.* at 551. The court concluded that, in order to address the "qualitative" aspect of a claim, chapter 13 plans need to protect a 'secured creditor from diminution in value of collateral, and thus creditors should receive adequate protection not only as of confirmation, but on an ongoing basis. The court did not cite to any authority in the Code to support its distinction between the "qualitative" and "quantitative" aspects of claims. Moreover, these considerations appear to be encompassed within the findings required to be made by a court under § 1325(a)(5) and (a)(6) in order to confirm a chapter 13 plan. While this Court does not quarrel with the decision in *Johnson* to deny confirmation, this Court does disagree with the reasoning of *Johnson* and, in any event, finds *Johnson* to be *sui generis* because of the enormity of the delay in payments to the secured creditor of three and one-half years.

The other principal decision upon which DaimlerChrysler relies is *In re Cook,* 205 B.R. 437 (Bankr.N.D.Fla.1997). The *Cook* court did not articulate any specific facts, other than there would be a delay of "some time" between confirmation and the secured creditor's first distribution due to debtor's attorney fees being paid first and in full. 205 B.R. at 439. The debtor argued that, if the requirements of § 1325(a)(5)(B) were met and there was a finding under § 1325(a)(6) that the debtor was able to make all plan payments, the creditor was not entitled to adequate pro-

tection. The court disagreed and noted that a finding under § 1325(a)(6) is by "a mere preponderance of the evidence, ... [and] is a far cry from a guarantee of payment." 205 B.R. at 441. Such a finding "is not sufficient to vitiate Fifth Amendment concerns regarding takings and just compensation." *Id.* at 442. The court appeared to imply that something close to a "guarantee of payment" is required in order to find a plan is feasible, but cited to no Code provision or case law as authority. The court then went on to hold that, "as a rule, a plan can not be confirmed over objection unless it provides that, upon confirmation, each secured creditor will receive a payment at least equal to amount of depreciation over the relevant time period." *Id.* at 443. The failure to do so, in that court's view, meant that the plan did not comply with § 1325(a)(5)(B)(i)'s requirement that the secured creditor retain its lien. The *Cook* court did not clarify this statement, but appeared to suggest that although the plan may have *technically* provided for retention of the lien, *in effect* the lien was worthless because the collateral had substantially depreciated during the time the creditor received no distributions. This Court is not willing to accept this holding "as a rule." Although this analysis may have merit in a case such as *In re Johnson,* with the three-and-a-half year delay in payments, it cannot be said to hold true in the case *sub judice* where DaimlerChrysler is waiting only one month for distributions to begin. The depreciation occurring in that month cannot have rendered the lien valueless.

While the decisions that are discussed above reveal some divergence in the views of various bankruptcy courts concerning this issue, the Court concludes that the better reasoned decisions are those that do not find a requirement for additional ade-

quate protection post-confirmation where the debtor's chapter 13 plan complies with § 1325(a)(5)(B). There simply is no provision in the Bankruptcy Code that imposes any such requirement in § 1325.

▪ The third section of the Bankruptcy Code that addresses the objection raised by DaimlerChrysler is § 1326(b)(1), which provides that

> (b) Before or at the time of each payment to creditors under the plan, there shall be paid—
>
> (1) any unpaid claim of the kind specified in section 507(a)(1) of this title . . . .

The parties agree that the Debtor's attorney's fees are included in § 507(a)(1). The Debtor argued this provision does not prohibit the proposed distribution scheme, because the § 507(a)(1) payments are being made *before* payments to creditors. DaimlerChrysler argued this provision does not *require* such claims to be paid in full first, because such claims may be paid at the same time as payments to creditors. Both parties are right. By providing for payment of the Debtor's attorney's fees before any distribution is made to DaimlerChrysler under the plan, the Debtor's plan conforms to § 1326(b)(1). Although DaimlerChrysler's memorandum of law cites § 1326(b)(1) in support of its objection, that section supports confirmation of the Debtor's plan. Far from precluding payment of administrative expenses until such time as secured claims have been paid, it mandates that administrative expenses be paid before or at the time of any payments to creditors under the plan. Therefore, it provides no assistance to DaimlerChrysler.

The Court's decision in this case to confirm the Debtor's plan and overrule DaimlerChrysler's objections is consistent with other decisions in this district. In *In re Ronald Stewart and Jane Whitfield,* 290 B.R. 302 (Bankr.E.D.Mich.2003), Judge Rhodes recently confirmed a chapter 13

plan over DaimlerChrysler's objections. In that case, DaimlerChrysler argued that its secured claim must be paid concurrently with the claims of other secured creditors. In noting that there is nothing in the Bankruptcy Code that dictates such treatment for secured creditors, the Court pointed out that "the only statutory requirements for the treatment of a secured claim are: (1) that the creditor retain its lien; and (2) that the present value of the property to be distributed under the plan be equal to the allowed amount of the claim." *Id.,* 290 B.R. at 304.

▪ Moreover, in rejecting DaimlerChrysler's argument that the Code requires administrative expenses to be paid by deferred payments and prohibits such payments until the secured credit has been paid in full, this Court is mindful of the Congressional view of chapter 13. "It is important to remember that chapter 13 imposes very few mandatory requirements as to the contents of a plan. Congress intended for debtors to have flexibility in dealing with their creditors." *Parker* 15 B.R. at 985 (citing S.Rep. No. 95–989 (1978), U.S.Code Cong. & Admin.News 1978, 5787).

The Court's decision today to overrule DaimlerChrysler's objections to confirmation should not be read as establishing a *per se* rule that a delay in payments to secured creditors, caused by payment of the debtor's attorney's fees first and in full, can never be a valid basis for denying confirmation. *See Johnson,* 63 B.R. at 550; *see also In re Rogers,* 239 B.R. 883, 891 (Bankr.E.D.Tex.1999) (although debtor's attorney fees were traditionally paid first as priority claims, noting that "the protection of creditor interests is given an equivalent degree of prominence" as compensation of professionals, and recognizing that "there is nothing in the Bankruptcy

Code which prohibits a more equitable distribution of the plan payments upon confirmation"). Instead, the Court's ruling is limited to the facts of this case, where there is only a one month delay before payments are made to DaimlerChrysler and where the parties agree that § 1325(a)(5)(B) has otherwise been met.

Accordingly, DaimlerChrysler's objections to confirmation are denied.